association presented the charges to the state court, the facts of the misconduct charged must be investigated by the state court, unless the respondent consents to a submission on the testimony taken before and the finding made by the special master.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 74, 75; Dec. Dig. § 53.*]

In the matter of the application to discipline Louis Lichtenberg, an attorney, for professional misconduct. Respondent given leave to answer.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Einar Chrystie, of New York City, for petitioner.
George Landon, of New York City, for respondent.

PER CURIAM. The respondent was charged, together with one Nathan Kopf, with professional misconduct by the United States District Attorney, which charges were brought on before the United States District Court for the Southern District of New York, which appointed a special master to take the testimony and report. The charges related to the respondent's misconduct in certain bankruptcy proceedings before the United States District Court, which upon that report has convicted the respondent, and ordered him suspended from practice for one year.

The Association of the Bar of the City of New York has brought the matter to this court upon the testimony and report of the special master. The respondent has submitted an answer.

We think the charges are sufficiently serious to require an investigation. If the respondent is willing to submit the charges to this court upon the testimony taken by the special master and his findings, they can be so submitted, and the court will determine what, if any, discipline should be imposed. If, however, the respondent wishes to have another investigation of the charges, the matter will be referred to an official referee.

---

## In re KOPF.

(Supreme Court, Appellate Division, First Department. November 14, 1913.)

ATTORNEY AND CLIENT (§ 53*)—DISBARMENT—PROCEEDINGS.

Where respondent was, on the report of a special master appointed to take testimony, suspended from practice by the United States District Court for professional misconduct in a bankruptcy proceeding therein, and the bar association presented the charges to the state court, the facts of the misconduct charged must be investigated by the state court, unless the respondent consents to a submission on the testimony taken before and the finding made by the special master.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 74, 75; Dec. Dig. § 53.*]

In the matter of the application to discipline Nathan Kopf, an attorney, for professional misconduct. Respondent given leave to answer.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Einar Chrystie, of New York City, for petitioner.
Nathaniel Kopf, of New York City, in pro. per.

PER CURIAM. The respondent was charged, together with one Louis Lichtenberg, with professional misconduct by the United States District Attorney, in relation to bankruptcy proceedings before the United States District Court for the Southern District of New York. The matter was brought on before the District Court and referred to a special master, who took the testimony of the parties and presented his report to the court, whereupon the court found the respondent guilty of professional misconduct, and suspended him from practice for one year.

Thereupon the Association of the Bar of the City of New York presented the testimony taken before the special master and his report to this court, charging the respondent with professional misconduct. There is no answer by the respondent; but a letter is submitted in explanation of his conduct.

We think the charges are sufficiently serious to require an investigation. If the respondent is willing to submit the case upon the testimony and findings of the special master, they will be considered as a submission upon that record. However, if the respondent wishes to have another investigation, the matter will be referred to the official referee.